## BLACKIE ASHER v. STATE.

No. A-7739.   Opinion Filed March 6, 1931.
(296 Pac. 763.)

Phillips & LaMore, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county of the crime of unlawful possession of intoxicating liquor with intent to barter, sell, give away, or otherwise furnish and dispose of the same, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for a period of 180 days.

The evidence of the state was that the defendant was seen to hide eleven half pints of whisky under the edge of

a theater near his residence in Webber City; that the officers were notified and took the whisky away and later arrested the defendant.

Without objection or exception by defendant or his counsel, the state was permitted to prove that defendant's place of business had been raided several times and large quantities of intoxicating liquor, consisting of beer and whisky, found; that people congregated there to drink intoxicating liquor; that drunk people had been arrested and taken from such place on several occasions; and that the reputation of defendant's place, as being a place where intoxicating liquors were sold, was bad.

Defendant on cross-examination admitted that he had twice been convicted and twice served a term of 30 days in the county jail and twice paid a fine of $50 for the unlawful sale of intoxicating liquor at that place.

Defendant contends, first, that evidence of the reputation of his place was inadmissible.

Since defendant made no objection to the introduction of this evidence and saved no exception to the same, the record presents no question for this court. But, even if exception had been saved, there was sufficient predicate laid to introduce this evidence.

The evidence in the case is sufficient to support the verdict of the jury. The fact that the defendant had previously twice been convicted of a like offense, and the evidence of the kind of a place defendant continually operated in that community justified the jury in assessing the $500 fine and six months' imprisonment in the county jail.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.